UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **VERIZON NEW ENGLAND, INC. d/b/a VERIZON MAINE,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| | ) Civil Action No. 05-53-B-S |
| **MAINE PUBLIC UTILITIES COMMISSION,** | ) ) |
| **STEPHEN L. DIAMOND,** in his official capacity as Commissioner of the Maine Public Utilities Commission, | ) ) ) ) |
| **SHARON M. REISHUS,** in her official capacity as Commissioner of the Maine Public Utilities Commission, | ) ) ) ) |
| **KURT ADAMS,** in his official capacity as Commissioner of the Maine Public Utilities Commission, | ) ) ) ) |
| **Defendants, and** | ) ) |
| **COMPTEL/ALTS,** Applicant for *Amicus* Status | ) |

### MOTION OF COMPTEL/ALTS FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* PLUS AND INCORPORATED MEMORANDUM

CompTel/ALTS hereby moves for leave to participate in this case on the side of the Defendants as an "*amicus curiae* plus" as that term is used in *Daggett v. Webster*, 190 F.R.D. 12 (D. Me. 1999). *See also Alliance of Automobile Manufacturers v. Gwadowsky et al.*, 297 F. Supp. 2d 305, 307-08 (2003). In support of its motion, CompTel/ALTS states as follows.

### Introduction

This Court has "the inherent authority" to appoint *amicus curiae* "to assist it in a proceeding." *Alliance of Automobile Manufacturers*, 297 F. Supp. at 306 (citing *Resort*

*Timeshares*, 764 F. Supp. at 1500; *United States v. Michigan,* 165 F.R.D. 655, 600 (W.D. Mich. 1987); *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982)). As demonstrated below, CompTel/ALTS has expertise in federal communications law that can provide valuable assistance to the Court in resolving the issues raised in Verizon's Complaint. CompTel/ALTS submits that the Court should exercise its discretion to permit CompTel/ALTS' participation as an *amicus curiae* plus and to file briefs on the federal legal issues, including the preemption issues, that Verizon has asked this Court to decide. *Alliance of Automobile Manufacturers*, 297 F. Supp. at 307 (it lies within the discretion of the court to determine "the fact, extent, and the manner of participation by the *amicus*").

## Factual background

CompTel/ALTS is the leading industry association representing competitive communications service providers. CompTel/ALTS members are entrepreneurial companies building and deploying next generation, IP-based networks to provide competitive voice, data and video services in the United States and around the world. CompTel/ALTS members provide competitive telecommunications services in the State of Maine and purchase unbundled network elements and services, including the elements and services at issue in the instant appeal, from Plaintiff Verizon New England, Inc. d/b/a/ Verizon Maine ("Verizon").

CompTel/ALTS is located in Washington, D.C., and represents the interests of its members in adjudicatory and rulemaking proceedings before the Federal Communications Commission ("FCC") and State Public Utility Commissions and in appeals from those proceedings pursued in state and federal courts. CompTel/ALTS participated as a representative of its members in the Maine PUC proceedings that are the subject of this action and has a special

interest in the issues raised by Verizon's Complaint that justifies its limited participation herein as an *amicus curiae* plus.[1]

Verizon commenced this action on April 1, 2005, by filing a Complaint For Declaratory and Injunctive Relief against the Maine Public Utilities Commission ("PUC") and the individual PUC Commissioners in their official capacities.  Verizon's suit seeks a declaratory ruling that Orders issued by the PUC on September 3, 2004, and March 17, 2005, are preempted by federal communications law.  Verizon also seeks an injunction prohibiting the PUC from enforcing those Orders and any related tariffs.  The PUC's Orders directed Verizon to prepare and file for approval a wholesale tariff setting forth the rates, terms and conditions for unbundled network elements that Verizon's competitors, including CompTel/ALTS members, use to provide service to their own customers.

Pursuant to Section 271 of the federal Communications Act, 47 U.S.C. § 271, Verizon, the incumbent monopoly Regional Bell Operating Company ("RBOC") in the State of Maine, is required to open its local telephone markets to competition as a condition of receiving authorization to provide long distance telephone service.  To prove that it had opened its local telephone market to competition and was, therefore, qualified to provide long distance service,

---

[1] Although CompTel/ALTS does not seek permission to intervene, and thus does not have to satisfy the standards applicable to a motion to intervene, CompTel/ALTS would have standing to intervene.  Associations such as CompTel/ALTS have representational standing if: (1) at least one of its members has standing to sue in her or his own right, (2) the interests the association seeks to protect are germane to its purpose, and (3) neither the claim asserted nor the relief requested requires the participation of an individual member in the lawsuit.  *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).  First, CompTel/ALTS member companies, including Great Works Internet (GWI), have a direct and concrete interest in defending the Maine PUC's decision  because GWI's ability to serve its customers is dependent on the availability of the Verizon network elements which the PUC's order requires Verizon to tariff.  Second, as noted *infra*, the purpose of CompTel/ALTS is to advance regulatory policies that promote the ability of competitive communications companies to compete against Verizon and other incumbent telephone companies by using, *inter alia*, the elements of Verizon's network at issue in the instant appeal.  Finally, the relief requested by CompTel/ALTS – upholding the decision of the Maine PUC – does not require the individual participation of CompTel/ALTS members because CompTel/ALTS members share the common goal of securing access to the elements of Verizon's network guaranteed by the PUC's Orders.  If this Court grants the declaratory or injunctive relief sought by Verizon, the ability of CompTel/ALTS member companies to conduct business in Maine as competitive LECs will be significantly and negatively impacted.  *See also Massachusetts Food Association v. Massachusetts Alcoholic Beverages Control Commission*, 197 F.3d 560 (1st Cir. 1999) (recognizing that trade association whose members were subject to the statute being challenged had standing to defend the statute).

Verizon was required to demonstrate compliance with a 14 point checklist and show, among other things, that it was offering its competitors access to unbundled network elements that the competitors use to provide service to their own customers. *Id.* Although Congress charged the FCC with the responsibility for evaluating and ultimately determining whether Verizon met the market opening requirements necessary to gain long distance entry, it directed the FCC to consult with the state public utility commission before making any such determination in order to verify that Verizon had complied with the 14 point checklist. 47 U.S.C. § 271(d)(2)(B). Congress also established a system, with shared federal and state jurisdiction, for setting the prices that Verizon is permitted to charge for network elements. 47 U.S.C. § 252(d).

In an effort to secure a positive recommendation from the Maine PUC on its compliance with the 14 point checklist, Verizon agreed to file a wholesale tariff setting forth the rates, terms and conditions for the network elements it is statutorily obligated to provide to competitive carriers under Section 271. *See Application of Verizon New England, Inc., BellAtlantic Communications, Inc. (d/b/a Verizon Long Distance), NYNEX Long Distance Company (d/b/a/ Verizon Enterprise Solutions), Verizon Global Networks, Inc. and Verizon Select Services, Inc. for Authorization to Provide In-Region, InterLATA Services in Maine*, Memorandum Opinion and Order, 17 FCC Rcd 11659, n.13 (2002). In the September 3, 2004, and March 17, 2005, Orders challenged here, the PUC directed Verizon to include in its wholesale tariff all network elements that Verizon is required to provide pursuant to Section 271 of the federal Act, consistent with the agreement Verizon made to obtain the PUC's support for its entry into the long distance market.

## Argument

Verizon has defied the PUC's Orders, to the detriment of those companies seeking to compete against it, including members of CompTel/ALTS. Verizon's refusal to comply with the

Orders adversely affects CompTel/ALTS members by denying them access to network elements they need at tariffed wholesale rates.  While the Attorney General's Office represents the interests of the regulator and Verizon represents the interests of the incumbent monopoly providers, CompTel/ALTS can provide the perspective of the competitive segment of the industry that benefits from the Commission's Orders.

In its Complaint, Verizon alleges that the PUC's Orders are inconsistent with the federal Communications Act, the FCC's regulations and the FCC's orders adopting those regulations.  Verizon asks this Court to declare the PUC's actions unlawful and to enjoin the PUC from enforcing the Orders and the tariff provisions that Verizon itself previously agreed to implement voluntarily.

To the extent that this matter is not resolved on the basis of Verizon's prior agreement with the PUC, CompTel/ALTS can provide guidance to the Court on the difficult federal preemption issues raised in Verizon's Complaint.  CompTel/ALTS actively participated on behalf of its members in each of the FCC proceedings and appeals that Verizon references in its Complaint as providing the basis for its preemption claims.  CompTel/ALTS thus has expertise specific to the issues in this case.  The Court would also benefit from CompTel/ALTS' specialized expertise in the federal Communications Act, the FCC's implementing regulations and the FCC's orders adopting those regulations.

## Conclusion

For the foregoing reasons, CompTel/ALTS submits that this Court should exercise its discretion as it has done under similar circumstances in the past, and allow CompTel/ALTS to participate in this case on the side of the Defendants as *amicus curiae* plus.  *See Daggett v. Webster*, 190 F.R.D. 12 (D. Me. 1999); *Alliance of Automobile Manufacturers v. Gwadowsky*, 297 F. Supp. 2d 305 (D. Me. 2003).  CompTel/ALTS requests that, in the capacity of *amicus*

*curiae* plus, it be permitted to file briefs on federal legal issues, including but not limited to federal preemption issues, and be provided notice and service of all documents to CompTel/ALTS as if it were a party to the case.

        Respectfully submitted,

        CompTel/ALTS
        By its Attorneys

| Of Counsel: | /s/ Rebecca S. Webber |
|---|---|
| Jason D. Oxman, Esq., Maine Bar #8359 | Rebecca S. Webber, Esq., No. 7908 |
| Mary C. Albert, Esq. | Linnell Choate & Webber, LLP |
| CompTel/ALTS | 83 Pleasant Street, P.O. Box 190 |
| 1900 M Street N.W., Suite 800 | Auburn, Maine 04212 |
| Washington, D.C. 20036 | Tel.: (207) 784-4563 |
| Tel.: (202) 296-6650 | Fax: (207) 784-1981 |
| joxman@comptelascent.org | rwebber@lcwlaw.com |

Dated: July 11, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VERIZON NEW ENGLAND, INC. d/b/a<br>VERIZON MAINE,<br><br>                Plaintiff,<br><br>MAINE PUBLIC UTILITIES<br>COMMISSION, et al.,<br><br>                Defendants, and<br><br>COMPTEL/ALTS, Applicant for *Amicus* Status | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-53-B-S<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

    I hereby certify that, on July 12, 2005, I electronically filed the attached Motion of CompTel/ALTS for Leave to Participate as *Amicus Curiae* Plus with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Trina M. Bragdon, Esq.
    William D. Hewitt, Esq.
    Mark E. Porada, Esq.
    Frederick S. Samp, Esq.

                                                    /s/ Rebecca S. Webber
                                                    Rebecca S. Webber, Esq.
                                                      Attorney for CompTel/ALTS
                                                      Linnell, Choate & Webber, LLP
                                                      P.O. Box 190
                                                      Auburn, ME  04212-0190
                                                      (207) 784-4563
                                                      rwebber@lcwlaw.com

DATED:      July 12, 2005