UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VERIZON NEW ENGLAND INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 05-53-B-C |
| ) | |
| PUBLIC UTILITIES COMMISSION OF ) | |
| MAINE, et al ) | |
| ) | |
| Defendant ) | |

**ORDER FOR FURTHER ORAL ARGUMENT ON SPECIFIED ISSUES
ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

It is hereby ORDERED that counsel for the parties herein appear before the Court on November 14, 2005 at 10:00 a.m. prepared to present further oral argument on, <u>inter alia</u>, the following issues and to answer the Court's questions in respect thereto:

(1)  Does this case now present a "justiciable and actual case or controversy" sufficient to establish the Court's subject matter jurisdiction to act on a federal question?

    (a)  Is there any order of the FCC now in effect affirmatively authorizing Plaintiff to provide in-Maine interLATA services at "just and reasonable rates" under 47 U.S.C. § 201 and § 202 of the 1934 Act by the use of network elements that have been "delisted" as UNEs by the FCC?

    (b)  Is there any order of the PUC now in effect that affirmatively requires the Plaintiff to provide in-Maine interLATA services using network elements that have been "delisted" as UNEs

by the FCC at other than "just and reasonable rates" as determined by the FCC?

    (i)    What is the basis and authority for Plaintiff's contention that "[t]he FCC has also held, however, that where the FCC has found no impairment under § 251, TELRIC rates adopted by state commissions under § 251(d)(1) do not apply to § 271 network elements." Motion of Plaintiff for Preliminary Inspection (Docket Item no. 28) at 5?

    (ii)    Has the PUC as of this time, taken any final action establishing any rates which Plaintiff must charge for the provision of in-Maine interLATA services and if so, what are those rates?

    (iii)    If and when the PUC takes final action as to Plaintiff's provision of in-Maine interLATA services and rates to be charged therefore, does Plaintiff have a right of appeal from such commission action to the Maine judicial branch and if so, what is the nature and extent of the judicial power of review?

        (A)    What effect, if any, does the existence of a right of judicial review of PUC action have upon the existence of a justiciable case or controversy in this litigation?

(c) Is there any other order of the PUC presently in effect that conflicts with any presently effective order of the FCC in respect to provision by Plaintiff of in-Maine interLATA services and the rates which the FCC has determined to be applicable thereto?

(d) Is any such controversy "ripe" for judicial decision at any time before the PUC acts finally on the Plaintiff's Request for Clarification by the PUC of its prior orders in respect to potential conflict between them and the orders of the FCC, as now pending?

(e) Is the FCC a necessary or an indispensable party to this litigation?

(2) Does the statute, 47 U.S.C. § 271(d)(2)(B) or any other provision of the Telecommunications Act of 1996 give a state regulatory commission authority to do anything other than, at the request of the FCC, acting on a BOC's application to provide interLATA services originating in any in-region state, to verify that the BOC is in compliance with the requirements of § 251(c) of the Act?

(a) Is there any official interpretation or construction of § 271(d)(2)(B) by the FCC that bears on the foregoing question?

(b) Is there any precedent, law, authority, or lawful custom or practice by which a state commission is authorized to attach any condition to its verification of such compliance?

(c) Is there any precedent, law, authority, or lawful custom or practice by which a state commission is authorized to make any

"recommendation" to the FCC in respect to approval or denial of any such application by a BOC?

(d) Is the FCC required by any law to follow any such recommendation by a state regulatory commission in acting on such an application by a BOC?

(e) Is the FCC authorized to grant such an application from a BOC regardless of the nature of a state regulatory commission's response in respect to the BOC's compliance?

(3) Do the interconnection requirements of 47 U.S.C. § 251 apply to the provision of interLATA services under § 271 of the Act?

(4) What is the effect on Plaintiff of the FCC's § 271 Approval Order adopted on June 8, 2002?

(5) What is the effect on Plaintiff of the UNE Remand Order adopted on September 15, 1999?

(6) What is the effect on Plaintiff of the FCC's TRO adopted on February 20, 2003?

(7) What is the effect on Plaintiff of the FCC's TRRO adopted on December 15, 2004?

(8) What is the effect on Plaintiff of the FCC's Local Competition Order adopted on August 1, 1996?

(9) Does the FCC § 271 Approval Order adopted on June 18, 2002 affirmatively authorize Plaintiff to undertake to provide interLATA services using

"delisted" UNEs <u>at rates different than those purportedly imposed on Plaintiff by the PUC</u>?

   (a) Is any further action or order of the FCC required to so authorize the Plaintiff?

 (10) What is the rationale (and the basis therefore) of the Defendant's contention that the filing of a Wholesale Tariff by Plaintiff permits the PUC to prescribe rates for Plaintiff at which it may provide interLATA services that conflict with the rates for such services prescribed or authorized by the FCC?

 (11) What is the effect of the various orders of the FCC cited above individually or collectively, upon the authority of the PUC to regulate the provision of interLATA services by Plaintiff, or to prescribe rates which Plaintiff may charge for such services using "delisted" network elements?

 (12) What is the specific pricing standard that the PUC, "has repeatedly stated that it will apply [as] the pricing standard of the FCC." Defendant's Memorandum of Law in Opposition to Verizon's Motion for Preliminary Injunction (Docket Item No. 45) at 2?

        /s/Gene Carter_____
        GENE CARTER
        SENIOR U.S. DISTRICT JUDGE

DATED at Portland, Maine this 8th day of November, 2005.